IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**WILLIE HAMMOND JR.,**

            Petitioner,

**v**.
                                   **Civil Action No.:5:21-cv-53**
                                   Judge Bailey

**R. HUDGINS, Warden,**

            Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 12, 2021, Willie Hammond, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction from the Western District of Tennessee. The petitioner has satisfied the filing fee. [Doc. 5]. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket and habeas docket available on PACER.  See United States v. Hammond, Cr. No. 2:03-cr-2147-STA.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On April 22, 2003, a federal grand jury returned an indictment charging the petitioner with possession of a firearm, having previously been convicted of a felony, pursuant to 18 U.S.C. 922(g). [Doc. 1]. He initially pleaded "not guilty" on May 7, 2003, but then, on December 22, 2003, he changed his plea to "guilty," pursuant to a Plea Agreement that, according to the document was "based [in part] upon the share belief of the. . . Parties that WILLIE HAMMOND, JR. [would] be found to be an Armed Career Criminal, with the statutory minimum sentence of fifteen years."[Doc. 37; see also id., Doc. 38 at 2]. The Court accepted the Petitioner's guilty plea. [Docs. 39, 40].

At the time of sentencing, the petitioner had "at least three prior convictions for a 'violent felony' or 'serious drug offense'"; one conviction each for aggravated assault, reckless endangerment and burglary on September 11, 1998, and one conviction for sale of cocaine on February 19, 1999. [PSR at 12-14]. Accordingly, the Court applied the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and sentenced him on April 5, 2004, to a 212-month term of confinement, three years of supervised release and a mandatory special assessment of $100. [Doc. 43]. Judgment was entered on April 12, 2004. [Doc. 45].

Although the petitioner did not file a direct appeal, he subsequently challenged his sentence twice before filing a § 2255 Motion. On April 14, 2008, he filed his first motion for sentencing relief pursuant to 18 U.S.C. 3582(c)(2), which authorizes a sentencing court to adjust the sentence of a federal inmate when there has been an amendment to whichever of the United State's Sentencing Guidelines ("Guidelines")

help determine the movant's sentencing range. [Doc. 47]. The Court denied that motion, finding that, although there had been some amendments to the Guidelines drug quantity tables for crack cocaine, the Guideline section under which the petitioner was sentence was § 2K2.1, which was not amended. [Doc. 49].

On December 12, 2012, the petitioner filed a second motion pursuant to § 3582(c)(2), contending again that an amendment to the Guidelines sections governing crack cocaine offenses entitled him to sentencing relief, and further that his convictions for offenses in nineteen ninety-eight should be considered "related" offenses and treated as one offense for ACCA purposes. [Doc. 50]. On June 18, 2014, the Government responded to the second motion, pursuant to the Court's Order directing it to do so. [Docs. 56, 57]. The Government argued that none of the amendments to the Guidelines that the petitioner cited applied to his sentencing range. The Court agreed and likewise denied the second motion. [Doc. 58].

On February 29, 2016, the petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255 by a Prisoner in Federal Custody and accompanying memorandum of law in the United States Court of Appeals for the Sixth Circuit. The Government responded on March 15, 2016, contending that the Sixth Circuit should deny the Application because it was not yet ripe; the petitioner had not yet filed his first motion to vacate, set aside or correct his sentence pursuant to 2255. The Sixth Circuit agreed and denied the Application but transferred the matter to the District Court on June 23, 2016. [Doc. 59]. Accordingly, the District Court construed the Applications as the petitioner's first § 2255 Motion.

In his § 2255 Motion, the petitioner challenged his sentence in light of Johnson v. United States, 576 U.S. 591 (2015) and United States v. Stitt, 860 F.3d 854 (6th Cir. 2017) ("Stitt I"). In particular, he argued that his 1998 burglary and aggravated assault convictions no longer qualify as ACCA predicates for sentencing purposes, and therefore he should not be subject to a mandatory minimum 15-year sentence. More specifically, he contended that Tennessee burglary is not a violent felony, and that Tennessee aggravated assault is categorically overbroad. For relief, he sought a 100-month reduction in his sentence.

The Motion was denied on September 24, 2019, and the Court denied a Certificate of Appealability. In denying the Motion, the District Court concluded that burglary under Tennessee law qualifies as an ACCA predicate offense because, using a categoric al approach, the elements of the state statute match the definition of generic burglary as the term is used in the ACCA. United States v. Priddy, 808 F.3d 676, 684-85 (6th Cir. 2015), overruled in part on other grounds by Stitt I, 860 F.3d 854, overruled by United States v. Stitt, 139 S.Ct.  399 (2018) ("Stitt II"), In addition, the District Judge reviewed the Criminal Information filed in state court with respect to "aggravated assault," and determined that the petitioner's conviction was categorically a "violent felony" under the ACCA's use-of-force clause.

## I. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with

screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   CLAIMS OF THE PETITION

The petitioner alleges that his guilty plea is constitutionally invalid in light of Rehaif v. United States, 139 S.Ct. 2191 (2019). Although acknowledging that the Supreme Court did not make Rehaif retroactive, he argues that it did announce a new substantive rule of statutory interpretation and is therefore retroactive as established by Welch v. United States, 136 S.Ct. 1257 (2016).  The petitioner than undertakes a lengthy discussion of structural error and argues that his conviction is invalid of that

basis. For relief, he requests that his sentence and conviction be vacated, and he be released from confinement.

### V.    APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time

or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  *See* United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## VI.   ANALYSIS

Although the petitioner has raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

In Rehaif[3], the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a

_____

[3] Rehaif reversed and remanded a decision by the United States Court of Appeals on direct appeal.

firing range, where he shot two firearms, the petitioner was prosecuted for possessing

firearms as an alien unlawfully in the United States in violation of § 922(g) and §

924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's

objection, that the "United States is not required to prove" that the petitioner "knew he

was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner

guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the

Supreme Court was whether the Government must prove that a defendant knows of his

status as a person barred from possessing a firearm, which in that case was the

petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in

possession under § 922(g) and § 924(a)(2), the Government must prove both that the

defendant knew he possessed a firearm and that he knew he belonged to the relevant

category of persons barred from possessing a firearm. Id.

The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent.

United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2008) (citing United States v.

Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191).[4] Therefore, the first

prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif,

several courts within the Fourth Circuit have held that Rehaif did not change substantive

law because the conduct for which the petitioner was convicted is still illegal. See, e.g.,

Azar II, No. 6:20-cv-394, 2020 WL 3843638, at *2 (DSC July 8, 2020) ("being a felon in

possession of a firearm remains a valid criminal offense") appeal docketed, No. 20-7299

---

[4] Likewise, at the time the petitioner was convicted, the Sixth Circuit. held that the
government did not have to prove that the defendant knew he was in the class of
persons prohibited from carrying a firearm and ammunition to convict a defendant under
§ 922(g). See e.g., Khamisi-El v. United States, 800 F.App'x 344, 349 (6th Cir. 2020).

(4th Cir. 2020); <u>Erby v. Breckon</u>, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va.

Mar. 24, 2020) (citing cases) <u>appeal docketed</u>, No. 20-6814 (4th Cir. 2020); <u>Hoffman v.</u>

<u>Breckon</u>, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) <u>appeal</u>

<u>docketed</u>, No. 20-6322 (4th Cir. 2020); <u>Swindall v. Hudgins</u>, No. 5:19-cv-300, 2020 WL

469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was

convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of

<u>Jones</u>."); <u>Taylor v. Huggins</u>, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov.

5, 2019) ("Even if Petitioner satisfied the first and third elements of <u>Jones</u>, the crime for

which he was convicted remains a criminal offense and therefore he cannot satisfy the

second element of Jones."), <u>adopted by</u> 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019);

<u>Moss v. Dobbs</u>, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019)

("[T]he savings clause test in <u>Jones</u> requires that subsequent to a prisoner's direct

appeal and first 2255 motion, the substantive law changed such that the conduct of

which the prisoner was convicted is deemed not to be criminal. Here, no such change

occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) <u>see also</u> <u>Moss</u>, 2019

WL 7284989, at *6-7.

Likewise, the petitioner cannot satisfy the savings clause under the Sixth Circuit[5]

standard. There, in order to properly invoke § 2255's savings clause, a petitioner can

only proceed via the savings clause if he can establish his actual innocence by

demonstrating:

> (1) The existence of a new interpretation of statutory law; (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the

---

[5] Tennessee, Kentucky, and Ohio are the three states that make up the Sixth Circuit.

10

>       merits of the petition to make it more likely than not that no
>       reasonable juror would have convicted him.

Wooten v. Cauley, 677 F.3d 303, 07 (6th Cir. 2012).  assert that he is "actually innocent"

of the underlying offense by showing that after the petitioner's conviction became final,

the United States Supreme Court issued a **retroactively applicable** decision. See

Wooten v. Cauley, 677 F.3d 303, 307-08 (6th Cir. 2012).

   Numerous federal district courts within the Sixth Circuit, and circuit courts of

appeals outside of the Sixth Circuit, have held that Rehaif does not retroactively apply to

cases on collateral review.  See United States v. Burley, No. 4:15CR 352, 2020 WL

2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases and citing among authority In

re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) ("Rehaif did not state a rule of

constitutional law at all. Rather, it addressed what the statutes enacted by Congress

require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2)…[I]t did not set forth a

new rule of constitutional law as contemplated by § 2255(h).")); see also Hagabond v.

United States, No. 4:17CR15, 2020 L 2601653, at *2 (E.D. Tenn. May 21, 2020) (some

circuit courts and several district courts in the Sixth Circuit have concluded that Rehaif is

not retroactively applicable on collateral review) (citing Burley, 2020 WL 2126682, at *1

(N.D. Ohio May 5, 2020 (collecting cases)); United States v. Conley, No. 5:10CR 00490,

2020 WL 2933560, ay *1 (N.D. Ohio June 3, 2020) ("The Sixth Circuit has held that the

'rule stated in Rehaif is a matter of statutory interpretation, not a 'new rule of

constitutional law.' Khamisi-El v. United States, 800 F.App'x 344, 349 (6th Cir. 2020).

Therefore, even if Rehaif's holding would establish the petitioner's actual innocence with

respect to his conviction under § 922(g), because Rehaif is not applicable retroactively,

he may not rely on it to collaterally attack his conviction pursuant to § 2241 under the

savings clause as interpreted in the Sixth Circuit.

Additionally, the undersigned acknowledges that Rehaif requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." Rehaif, 139 S.Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that Rehaif requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." See Walker v. Quintana, 5:19-cv-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019); See also Gray v. United States, 3:19-cv-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020)) ("While Rehaif was in the situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction.").  As the Fifth Circuit. has noted:

> Convicted felons typically know that they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their convictions or guilty plea was prejudiced by an error under Rehaif. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants."

> Rehaif, 139 S.Ct. at 2209 (Alito, J., dissenting).

United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020).

Finally, to the extent that the petitioner argues that Rehaif requires that the prosecution establish that a defendant knew he was not permitted to have a gun because of his prohibited status, he reads too much into the decision. Such knowledge is not and cannot be what Rehaif requires. If it did, it would run headlong into the

12

venerable maxim that ignorance of the law is no excuse. <u>Rehaif</u> did not graft an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of the provision of 18 U.S.C. § 922(g) which prohibits a convicted felon from possessing a firearm.  <u>See</u> <u>United States v. Bowens</u>, 938 F.3d 790, 797 (6th Cir. 2019).

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the <u>Jones</u> requirements, or the actual innocence standard of the Sixth Circuit, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. <u>Rice</u>, 617 F.3d at 807.

## VII.    <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to  file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

**of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED: May 11, 2021**

/s/ *James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

14